# SUPREME COURT.

## Blakely agt. Calder and others.

Purchasers at *judicial sales* have a right to receive, at the hands of the court, such *titles* as are free from all *reasonable objections*.

Where the testatrix ordered and directed her executor to lease three certain lots, (a part of her residuary property, not before devised,) and out of the net rents to pay certain annuities, and hand over the surplus, if any, to certain relatives named,

*Held*, that she intended to give the executor merely a *power* in trust over, and not an *estate* in trust, in these lots. By other parts of the will, when she intended to give the executor an *estate* in trust, she says, "I devise the house and lot," &c., to A—— B——, (the executor,) "upon this express trust," &c.

Such a *power in trust*, to be effectual, does not require *absolute possession*. The *devisees* of the rents, subject to the annuities, may discharge the incumbrance by a sum in gross; or by obtaining a release upon any other terms mutually agreed upon.

Such devisees being possessed of an undisputed title to an undivided share in remainder, may sue for *partition*—the law requiring that there shall not be an outstanding *adverse possession*, in conflict with the plaintiff's title. The statute requires that, to authorize a partition suit, the plaintiff therein must be "a person in the *possession* of the lands of which partition is sought, as tenant in common." This does not mean that he shall be the *actual occupant*, or that he shall hold an *immediate present estate*.

An existing admitted *life estate*, although covering *the whole premises*, does not prevent the *remainderman* from being deemed in *possession*, within the meaning of the law. At all events, it does not prevent a judgment for partition, as to both the remainderman and the life tenant, whether by sale or specific allotment.

Whether the devisees of the rents, or the trustee of the power under the will, were entitled to the *possession* of the premises sought to be partitioned, was held to be a question arising on the face of the will; and where a court of general jurisdiction, having heard all the parties—the trustee (executor) as

well as the devisees, on this question—on proceedings in partition, *held*, that the *decree* in partition having been in favor of the devisees, plaintiffs, the question of possession in them was thereby conclusive, as it regarded the *purchasers* of the premises under such decree. They could not overhaul it.

*New-York General Term, March*, 1857.
MITCHELL, ROOSEVELT *and* DAVIES, *Justices.*

APPEAL from an order declaring that a sale under a decree in partition gave to the purchasers a good and sufficient title, and requiring them to complete their bids.

JOHN W. EDMONDS, *for plaintiff.*
H. G. DE FOREST, *for defendants.*

By the court—ROOSEVELT, Justice. Purchasers at judicial sales have a right to receive, at the hands of the court, such titles as are free from all reasonable objections. Mr. Babcock, who purchased two of the lots decreed to be sold for the sum of $38,600, and Mr. Aldrich, who purchased another one for $27,400, both decline to complete their bids, on the ground that the court, as they are advised, had no jurisdiction to order a sale in partition of the premises in question, inasmuch as the party instituting the proceeding, although the owner of an undivided interest *in remainder*, had no present estate, and no right to the present *possession*. Of course, if the court had no jurisdiction, its decree would give no title.

In support of their objection, the purchasers' counsel rely upon the first section of the partition statute, which declares, that when several persons "shall hold and be in the possession" of any lands, as joint tenants, or tenants in common, any one or more of "*such persons*" may apply to the court for a partition, and, if necessary, for a sale. And they insist that the will, under which all the parties derive title, gave the present estate and possession of the three lots in question, as well as others, not to the beneficiaries, but, by implication, to the executor, as necessary to effectuate the trusts reposed in him.

As to the three lots in question, (Nos. 106 and 110 Church-street, and 130 Duane-street,) the testatrix, it is admitted, gave no estate to the executor in express terms. She merely ordered and directed him to lease the lots, and out of the net rents to pay certain annuities, and to hand over the surplus, if any, to certain relatives, eight in number, named by her, of whom the plaintiff was one. When she intended to give the executor an estate in trust, as distinguished from a power in trust, she did so expressly, as in the case of lot 102. "I devise," she says, "the house and lot, &c., to Richard S. Williams, &c., upon this express trust," &c., using the same words also again when disposing of certain other lots in Elm-street. It is obvious, therefore, that in ordering her residuary property "not before devised," including the three lots now in controversy, to be leased by her executor, she intended to give him merely a power over, and not an estate in them—a power to be exer-cised, if necessary, to pay the annuities, and not absolutely and at all events. Such a power, to be effectual, does not require absolute possession. The devisees of the rents, subject to the annuities, may discharge the incumbrance by a sum in gross; or by obtaining a release upon any other terms mutually agreed upon. Under these circumstances, if an estate by implication were to be created at all, it would arise more naturally in favor of the devisees of the surplus rents, than in favor of the exe-cutor.

It is a well known general rule of law, subject to some ex-ceptions not pertinent to this case, that a devise of the rents and profits of land is a devise of the land itself.

At all events, whether the devisees of the rents or the trus-tee of the power were entitled to the possession, was a ques-tion arising on the face of the will. That will, with its attend-ing circumstances, was set forth accurately and fully in the par-tition proceedings; those proceedings were had, not in a court of special and limited, but in a court of general jurisdiction, and to those proceedings, unlike the *Striker* case in the court of appeals, the executor was a party as well as the devisees. This question, consequently, was not only passed upon, but

passed upon after hearing all parties. If possession, therefore, in the plaintiff, was necessary to warrant the decree, such possession was adjudged. The decision on this point was in favor of the plaintiff and against the executor. He does not appeal from it, and others cannot. Of course, neither he nor they can impeach it collaterally. If erroneous—which, however, we clearly think it was not—the purchaser is neither affected by the error nor authorized to overhaul it. The decree is conclusive. It is a perfect shield to him, and an estoppel to the parties. No rule is better established than that which declares that the adjudication of a court having jurisdiction of the subject matter, of the parties, and of the question, when obtained without fraud, is conclusive in every form except that of appeal to a higher tribunal. And it is conclusive, even then, in favor of *bona fide* purchasers under it.

We have assumed, in what has been thus far stated, that to authorize a partition suit, the plaintiff therein must be " a person in the *possession* of the lands of which partition is sought, as tenant in common." Such, undoubtedly, is the language of the statute. Its meaning, however, is not, as the words at first view would seem to import, that he shall be the actual occupant, or that he shall hold an immediate present estate. He may sue for a partition, if he be possessed of an indisputed title to an undivided share in remainder.

The law, as will presently be seen, requires (5 *Denio*, 385, 9 *Cowen*, 530,) that there shall not be an outstanding adverse possession—a possession not in harmony with, but adverse to, and in conflict with, the plaintiff's title. This is apparent from several of the provisions subsequent to the first section; and more especially from the language of § 5 of the act of 1847, (*p.* 556,) which directs, among other things, what proceedings shall be had " whenever the estate of any tenant for life to the whole of the premises in question has been submitted or ascertained to be existing." It does not, as will be seen, require in such case a dismissal of the suit, but an allotment " to the parties respectively who shall be entitled to the remainder."

Blakely agt. Calder and others.

And in the previous act of 1814, contained in the Revised Statutes, (2 *R. S.* 325, §§ 51, 52,) authority was given for a sale, instead of an actual partition, in the same case; and it was declared, that if a sale of the premises, " including such estate, should be ordered, the estate and interest of every such tenant should pass thereby."

An existing admitted life-estate, therefore, although covering " the whole premises," does not prevent the remainderman from being deemed " in possession " within the meaning of the law.

At all events, whatever may have been the intention, it does not prevent a judgment for partition, as to both the remainderman and the life tenant, whether by sale or by specific allotment.

The objection, therefore, now raised by the purchasers must have been overruled, had it been insisted on, as it was not, even before the decree, and by the executor himself.

The order appealed from, which declared that the sale under the decree of the court gave to the purchasers a good and sufficient title, and required them to complete their bids, should be affirmed, with costs.

Note.—In the case of *Brewster* agt. *Striker*, (2 *Com. Rep.* 19,) decided in the court of appeals, the will, in the particulars above referred to, was materially different from that of Mrs. Williamson's. The decree of sale, too, had been made by a court of limited jurisdiction, and the executors, moreover, had not been made parties, and of course were not estopped by the decision.